# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ARIEL MURPHY, INDIVIDUALLY and a/n/f OF K.G., A MINOR, <br><br> *Plaintiffs,* <br><br> v. <br><br> ON YOUR SIDE NATIONWIDE INSURANCE AGENCY, INC. a Foreign For-Profit Corporation, Registered to do business in the State of Texas under filing # 802106136, 11/24/2014, and HARLEYSVILLE INSURANCE COMPANY, A FOREIGN CORPORATION, and HIBBS-HALLMARK & CO. n/k/a HIBBS HALLMARK INSURANCE, a Texas Corporation. <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § Civil Action No. 4:23-CV-01044 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Dkt. #12). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

This lawsuit arises from a default judgment entered against SALDAP, LLC ("Saldap") in a separate underlying lawsuit in state court based on the abuse that Plaintiff Ariel Murphy's son, K.G., suffered from one of Saldap's daycare employees (Dkt. #12 at pp. 1–2). The daycare employee broke K.G.'s ankle, femur, and eight ribs (Dkt. #12 at p. 2). After conducting a hearing, the state court awarded damages in the amount of $63,000,000 (Dkt. #12 at pp. 1–2, 24–27). Plaintiffs Ariel Murphy, individually and a/n/f of K.G., a minor, are now suing to enforce that

default judgment against Defendants—the insurers who provided Saldap's liability insurance policy and the insurance agency that procured the policy (Dkt. #1, Exhibit 1 at pp. 5–8).

The named insurers are On Your Side Nationwide Insurance Agency, Inc. ("Nationwide") and Harleysville Insurance Company ("Harleysville") (Dkt. #12 at p. 3). Defendants Nationwide and Harleysville are both corporations organized under the laws of Ohio and maintain their principal places of business in Ohio (Dkt. #1 at p. 4). The procuring insurance agency is Hibbs-Hallmark & Company ("HH&C") (Dkt. #23 at p. 2). Defendant HH&C is a corporation organized under the laws of Texas and maintains its principal place of business in Texas (Dkt. #1 at p. 4). Plaintiffs are individuals domiciled in Texas (Dkt. #1).

On October 25, 2023, Plaintiffs filed their original petition in Texas state court, seeking a declaratory judgment that they are entitled to collect the full default judgment amount of $63,000,000 and asserting that the doctrines of waiver and estoppel preclude any defenses by Defendants (Dkt. #1, Exhibit 1 at pp. 1, 8–10). On November 27, 2023, Defendants Nationwide and Harleysville removed the case based on diversity of citizenship jurisdiction, asserting that Defendant HH&C is improperly joined (Dkt. #1 at p. 4).

On December 27, 2023, Plaintiffs filed the pending motion (Dkt. # 12). On January 17, 2024, Defendant HH&C filed a response (Dkt. #22). That same day Defendants Nationwide and Harleysville also filed a response (Dkt. #23). On February 23, 2024—thirty-seven days after the responses were filed—Plaintiffs filed a reply (Dkt. #25) and Defendant HH&C filed a sur-reply (Dkt. #26). On February 26, 2024, Defendants Nationwide and Harleysville filed a sur-reply.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct.1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants. 28 U.S.C. § 1332. In determining whether complete diversity exists, a federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). To establish that a non-removing defendant is a nominal party, the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant in state court. *Farias v. Bexar Cty. Bd. of Trs. for M.H.M.R. Serv.*, 925 F.2d 866, 871 (5th Cir. 1991) (citing *B. Inc. v Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

Like the nominal party test, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). Under the improper joinder doctrine, a case involving a nondiverse defendant may nevertheless be removed to federal court if it is established that the nondiverse defendant was improperly joined. *See id.* "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined. Thus, the focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case." *Id.* (citation and quotation marks omitted). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state [defendant] was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). If the party fails to meet this burden and joinder of the in-state party was proper, removal will be inappropriate, and the federal court will not have subject-matter jurisdiction. *Id.* at 575.

To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The party alleging improper joinder bears the burden of persuasion and that burden is quite stringent. *Lott v. Dutchmen Mfg., Inc.*, 422 F. Supp. 2d 750, 753 (E.D. Tex. 2006); *see Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). When, as here, a defendant argues the latter method, the test "is whether the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

To determine whether a plaintiff has a reasonable basis of recovery under state law, "[t]he court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (second and third alterations in original) (quoting *Smallwood*, 385 F.3d at 573). The Fifth Circuit has held that the federal pleading standard, rather than the state pleading standard, applies in the improper joinder context. *Id.* at 208. Further, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

## ANALYSIS

Plaintiffs move to remand this case back to state court, arguing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because there is no complete diversity of citizenship (Dkt. #12 at pp. 3, 17). In response, Defendants argue that complete diversity exists because Defendant HH&C, the non-diverse defendant, was improperly joined (Dkt. #22 at pp. 4–12; Dkt. #23 at pp. 6–15). It is undisputed that the amount in controversy exceeds $75,000. "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept.25, 2009) (citing *Smallwood*, 385 F.3d at 572–73). Therefore, the sole issue to be decided is whether Defendant HH&C is an improperly joined party.

The Court finds that Defendant HH&C is an improperly joined party because Defendants have shown that Plaintiffs have no reasonable basis of recovery against Defendant HH&C under Texas law. *See Smallwood*, 385 F.3d at 573. Plaintiffs have no reasonable basis to recover against Defendant HH&C because they do not allege sufficient facts in the state petition establishing a

5

plausible claim for relief against Defendant HH&C. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs merely allege that Defendant HH&C was "the agency that participated in the issuance of the policy at issue and at all times material to this action" (Dkt. #1, Exhibit 1 at p. 4). This lone allegation against Defendant HH&C holds no meaning or value in the context of Plaintiffs' claims, and nowhere else in the state petition do Plaintiffs specifically attribute further conduct—let alone tortious conduct—to Defendant HH&C.

Namely, Plaintiffs seek a declaratory judgment that they are entitled to collect against Defendants the full amount under the default judgment taken against Saldap—the insured. However, as Defendants correctly point out, Plaintiffs do not allege facts establishing that Defendant HH&C—the procuring insurance agency—owed any contractual or legal duty to provide Saldap liability coverage under Texas law. *See Data Specialties v. Transcon. Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997) ("Texas law clearly states that for an insurance company to be liable for a breach of its duty to satisfy a claim presented by its insured, the insured must prove that its claim falls within the insuring agreement of the policy . . . The insurer's duty to indemnify, or provide coverage, is triggered by the actual facts establishing liability in the underlying suit.") (citations omitted).

Rather, Plaintiffs mainly allege that the "insurance companies represented that they had a policy of insurance in full force and effect to cover [K.G.'s] injuries," that Defendant Nationwide "wrongfully denied coverage," and that Defendants "wrongfully refused to defend the underlying claims" (Dkt. #1, Exhibit 1 at pp. 5–6). Such allegations only evince that the insurers—Defendants Nationwide and Harelysville—breached their duties to provide coverage and to defend the underlying suit. They do not suggest in any way that Defendant HH&C was a party to Saldap's

6

liability insurance contract. Plaintiffs have simply failed to allege specific actionable conduct against the non-diverse defendant as required by federal pleading standards. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding no basis in Texas law for an insured's claims against an insurance agent when the only factual allegation even mentioning the agent merely stated that "Defendants [sic], through its local agent, Lark Blum issued an insurance policy."); *Castlebrook at Ridgeview Homeowners Ass'n v. Starr Surplus Lines Ins. Co.*, No. 4:12CV652, 2013 WL 949860, at *4 (E.D. Tex. Jan. 30, 2013), *report and recommendation adopted*, No. 4:12CV652, 2013 WL 943589 (E.D. Tex. Mar. 8, 2013) ("Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (citing *Griggs*, 181 F.3d at 699). Thus, Defendant HH&C should be dismissed from the suit as improperly joined.

That Plaintiffs allege new facts in the motion to remand itself does not change this outcome. "A determination of improper joinder must be based on an analysis of the causes of action alleged in the petition at the time of filing and at the time of removal." *Blackburn v. Right Way Auto Transp., Inc.*, No. 1:23-CV-250, 2023 WL 9051263, at *4 (E.D. Tex. Dec. 29, 2023) (citing *Brown v. Wright Nat'l Flood Ins. Co.*, No. 20-30525, 2021 WL 2934730, at *4 (5th Cir. July 12, 2021); *accord Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (holding that removal jurisdiction must be determined "on the basis of claims in the state court complaint as it exists at the time of removal"). "Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant . . . ." *Cavallini*, 44 F.3d at 264. In their motion, Plaintiffs allege in the first instance that Defendant HH&C "misrepresented the coverage

7

afforded to SALDAP," proposing that insurance agents may be liable under Texas law for negligent misrepresentations made to insureds (Dkt. #12 at p. 9). Plaintiffs, however, assert no cause of action for negligent misrepresentation nor even mention the word "misrepresentation" in their state petition. Thus, the Court must disregard these new allegations in analyzing the plausibility of the claims originally asserted against Defendant HH&C in state court.[1]

In a last-ditch effort, Plaintiffs argue that 28 U.S.C. 1332(c)(1) applies to this case, despite conceding that it is not dispositive of the case and despite raising such argument for the first time in their reply (Dkt. #25 at pp. 3–4). The statute provides an exception to the general rule when determining a corporation's citizenship: "in any direct action against insurer of a policy or contract of liability insurance, whether or incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen" of the state where the insured is a citizen. 28 U.S.C. 1332(c)(1). Nevertheless, as contended by Defendants, "Texas law does not permit direct actions against third-party liability insurers to which the direct action provision of 28 U.S.C. § 1332(c)(1) could apply." *Harris v. Peerless Indemn. Ins. Co.*, No. A-14-CV-1087-LY, 2015 WL 1010527, at *2 (W.D. Tex. Mar. 5, 2015) (citing *Ohio Cas. Ins. Co. v. Time Warner Ent. Co., L.P.*, 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied)). Therefore, Defendants Nationwide and Harleysville are not deemed citizens of Texas, and diversity of citizenship remains intact.

---

[1] Because the Court's Rule 12(b)(6) analysis is limited to the state petition as it existed at removal, the Court declines to address the parties' pleading arguments under Federal Rule of Civil Procedure 9(b).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Remand (Dkt. #12) is hereby **DENIED**.

It is further **ORDERED** that Defendant Hibbs-Hallmark & Company is dismissed from the case as improperly joined.

**IT IS SO ORDERED.**

SIGNED this 21st day of August, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE